FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 9 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

DANIEL G. BOGDEN
United States Attorney
ALEXANDRA MICHAEL
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6418

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTIAN TAKAMURA,

Defendant.

CASE NO: 2:15-cr-216 RCJ-VCF

PLEA AGREEMENT UNDER FED. R. CRIM. P. 11 (c)(1)(A) and (B)

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, Alexandra Michael, Assistant United States Attorney, the Defendant CHRISTIAN TAKAMURA, and the Defendant's attorney, John Benedict, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

## I. SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and CHRISTIAN TAKAMURA (the Defendant). This Plea Agreement binds the Defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or

administrative remedies directly or indirectly against the Defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. Guilty Plea. The Defendant knowingly and voluntarily agrees to plead guilty to a Criminal Information, charging the defendant with:

1. Count One: *Evasion of Payment,* in violation of Title 26, United States Code, Section 7201.

The Defendant also agrees to the restitution set forth in this Plea Agreement and the Criminal Information.

B. Waiver of Trial Rights. The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

2. The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. Withdrawal of Guilty Plea. The Defendant will not seek to withdraw his guilty pleas

after he has entered them in court.

D. Additional Charges. The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the Defendant for any crime of violence as defined by 18 U.S.C. § 16.

**III. ELEMENTS OF THE OFFENSES**

Count One: The essential elements of *Evasion of Assessment* in violation of Title 26, United States Code, Section 7201 are:

1. The defendant owed more federal income tax for a calendar year than was declared due on the defendant's income tax return for that calendar year;
2. The defendant knew that more federal income tax was owed than was declared due on the defendant's tax return;
3. The defendant made an affirmative attempt to evade or defeat such additional tax; and
4. In attempting to evade or defeat such additional tax, the defendant acted willfully.

*See* Ninth Cir. Manual of Model Jury Instr., Criminal § 9.37 (2010 ed.)(modified).

**IV. FACTS SUPPORTING GUILTY PLEA**

A. The Defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B. The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and could establish by a preponderance of the evidence its right to forfeit the specified property. The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of

the charged offenses.

C. The Defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

In 2013, the Internal Revenue Service-Criminal Investigation agency began investigating the defendant, CHRISTIAN TAKAMURA (hereinafter "Christian" or "the defendant"), as a result of him conducting unusual banking activities from January of 2010 through December 2013. Specifically, the investigation revealed that Christian engaged in the following transactions with Wells Fargo ("WF"), a domestic financial institution, using multiple accounts numbered identified herein as x1967, x6576, x6584, x7997, x6592, and x7356:

| Date | Domestic Financial Institution | Account No. | Description of Transaction |
|---|---|---|---|
| 10/11/2013 | Wells Fargo | x7997 | $ 5,000.00 |
| 10/11/2013 | Wells Fargo | x7997 | $ 5,000.00 |
| 10/08/2013 | Wells Fargo | x7997 | $ 10,000.00 |
| 10/07/2013 | Wells Fargo | x6576 | $ 3,000.00 |
| 10/02/2013 | Wells Fargo | x6576 | $ 10,000.00 |
| 10/02/2013 | Wells Fargo | x7997 | $ 10,000.00 |
| 09/30/2013 | Wells Fargo | x7997 | $ (10,000.00) |
| 09/27/2013 | Wells Fargo | x6576 | $ 10,000.00 |
| 09/27/2013 | Wells Fargo | x7997 | $ (10,000.00) |
| 09/27/2013 | Wells Fargo | x7997 | $ (10,000.00) |
| 09/26/2013 | Wells Fargo | x6576 | $ 10,000.00 |
| 09/26/2013 | Wells Fargo | x7997 | $ (10,000.00) |
| 09/24/2013 | Wells Fargo | x6592 | $ 10,000.00 |
| 09/23/2013 | Wells Fargo | x6584 | $ 10,000.00 |
| 09/23/2013 | Wells Fargo | x7997 | $ 10,000.00 |
| 09/20/2013 | Wells Fargo | x6592 | $ 10,000.00 |
| 09/19/2013 | Wells Fargo | x6584 | $ 10,000.00 |
| 09/19/2013 | Wells Fargo | x6576 | $ 10,000.00 |
| 09/19/2013 | Wells Fargo | x7997 | $ (10,000.00) |
| 09/18/2013 | Wells Fargo | x6576 | $ 10,000.00 |
| 09/10/2013 | Wells Fargo | x6576 | $ 10,000.00 |

| | | | | |
|---|---|---|---|---|
| 09/05/2013 | Wells Fargo | x6576 | $ | 10,000.00 |
| 09/05/2013 | Wells Fargo | x7997 | $ | 10,000.00 |
| 08/30/2013 | Wells Fargo | x6576 | $ | 8,600.00 |
| 08/30/2013 | Wells Fargo | x6576 | $ | 8,600.00 |
| 08/21/2013 | Wells Fargo | x7997 | $ | 10,000.00 |
| 08/21/2013 | Wells Fargo | x7997 | $ | 10,000.00 |
| 08/19/2013 | Wells Fargo | x6592 | $ | 3,000.00 |
| 08/19/2013 | Wells Fargo | x6576 | $ | 4,000.00 |
| 08/19/2013 | Wells Fargo | x7997 | $ | 10,000.00 |
| 08/16/2013 | Wells Fargo | x6576 | $ | 10,000.00 |
| 08/15/2013 | Wells Fargo | x6576 | $ | 8,000.00 |
| 08/12/2013 | Wells Fargo | x7997 | $ | 10,000.00 |
| 08/02/2013 | Wells Fargo | x6576 | $ | 2,000.00 |
| 08/02/2013 | Wells Fargo | x7997 | $ | 10,000.00 |
| 08/02/2013 | Wells Fargo | x1967 | $ | (3,200.00) |
| 08/01/2013 | Wells Fargo | x6576 | $ | 9,000.00 |
| 07/25/2013 | Wells Fargo | x6576 | $ | 5,600.00 |
| 07/03/2013 | Wells Fargo | x6576 | $ | 8,500.00 |
| 07/02/2013 | Wells Fargo | x6576 | $ | 5,000.00 |
| 07/02/2013 | Wells Fargo | x1967 | $ | (3,000.00) |
| 07/02/2013 | Wells Fargo | x1967 | $ | 3,000.00 |
| 06/28/2013 | Wells Fargo | x6576 | $ | 7,000.00 |
| 06/27/2013 | Wells Fargo | x6576 | $ | 10,000.00 |
| 06/24/2013 | Wells Fargo | x6576 | $ | 6,000.00 |
| 06/19/2013 | Wells Fargo | x6576 | $ | 6,600.00 |
| 06/14/2013 | Wells Fargo | x6576 | $ | 4,000.00 |
| 06/13/2013 | Wells Fargo | x6576 | $ | 7,000.00 |
| 06/10/2013 | Wells Fargo | x6576 | $ | 7,000.00 |
| 06/10/2013 | Wells Fargo | x6576 | $ | 6,600.00 |
| 06/06/2013 | Wells Fargo | x6576 | $ | 6,500.00 |
| 06/04/2013 | Wells Fargo | x6576 | $ | 6,000.00 |
| 06/04/2013 | Wells Fargo | x1967 | $ | 2,000.00 |
| 06/03/2013 | Wells Fargo | x7356 | $ | 7,000.00 |
| 05/24/2013 | Wells Fargo | x6576 | $ | 9,900.00 |
| 05/16/2013 | Wells Fargo | x6576 | $ | 5,000.00 |
| 05/15/2013 | Wells Fargo | x6584 | $ | 5,000.00 |
| 05/15/2013 | Wells Fargo | x7356 | $ | 5,000.00 |
| 05/13/2013 | Wells Fargo | x7356 | $ | 8,000.00 |
| 05/10/2013 | Wells Fargo | x6576 | $ | 5,800.00 |
| 05/09/2013 | Wells Fargo | x6576 | $ | 9,000.00 |
| 05/08/2013 | Wells Fargo | x7356 | $ | 10,000.00 |
| 05/08/2013 | Wells Fargo | x7997 | $ | 5,100.00 |
| 05/03/2013 | Wells Fargo | x7997 | $ | 10,000.00 |

| | | | | |
|---|---|---|---|---|
| 05/01/2013 | Wells Fargo | x7997 | $ | 5,000.00 |

The investigation also revealed the defendant's source of funds were from both his primary business, Professional Multiple Services, and from rental payments, paid in cash, that he received from various rental properties owned by the defendant throughout the Las Vegas Metropolitan area. The defendant utilized the cash proceeds from rental properties to support his cash flow needs and those of his primary business, Professional Multi-Services. A total of $626,519.00 of the defendant's cash proceeds were never reported as income on his individual income tax returns from 2010-2013. The tax amount owed by the defendant on the $626,519.00 is $175,425.32. The defendant admits that: (1) he owed more federal income tax for calendar years 2010-2013 than was declared due on the defendant's income tax return for those calendar years; (2) he knew that more federal income tax was owed than was declared due on the defendant's tax return; (3) he made an affirmative attempt to evade or defeat such additional tax; and (4) in attempting to evade or defeat such additional tax, he acted willfully.

**V. COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the Defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the Defendant's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

**VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A. Discretionary Nature of Sentencing Guidelines. The Defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing

Guidelines") in determining the Defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. Offense Level Calculations. The parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

1. Count One: *Evasion of Payment,* in violation of Title 26, United States Code, Section 7201:

Base Offense Level, USSG § 2T2.1(a)(1) and 2T4.1(I): 16

Reductions:
If applicable, a reduction for acceptance of Responsibility, USSG § 3E1.1 (*see subsection C. below*): -2 or -3

Adjusted Offense Level: 14 or 13

The Defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions. The parties anticipate that the defendant will have a Criminal History Category of I and therefore the guideline range will likely be 12-18 months.

C. Reduction of Offense Level for Acceptance of Responsibility. Under USSG §3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading

information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 14 (if two-level adjustment applies) or 13 (if two-level adjustment and additional one-level adjustment both apply).

D. Criminal History Category. The Defendant acknowledges that the Court may base his sentence in part on the Defendant's criminal record or criminal history. The Court will determine the Defendant's Criminal History Category under the Sentencing Guidelines.

E. Relevant Conduct. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. Additional Sentencing Information. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the Defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the Defendant to withdraw his guilty plea.

The Defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The Defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the Defendant to withdraw his guilty plea.

**VII. APPLICATION OF SENTENCING STATUTES**

A. Maximum Penalty. The maximum penalty for a violation of Title 26, United States Code, Section 7201, *Evasion of Payment*, is up to five (5) years of imprisonment, a $100,000 fine, and up to three (3) years of supervised released.

B. Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence.

C. Parole Abolished. The Defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. Supervised Release. In addition to imprisonment and a fine, the Defendant will be subject to a term of supervised release not to exceed three (3) years. 18 U.S.C. § 3583(b). Supervised release is a period of time after release from prison during which the Defendant will be subject to various restrictions and requirements. If the Defendant violates any condition of supervised release, the Court may order the Defendant's return to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of five (5) years.

E. Special Assessment. The Defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The United States will seek a sentence within the applicable sentencing guideline range. The defendant acknowledges that the Court does not have to follow that recommendation.

The defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement, and may seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. The United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in the amount of $175,425.32 ~~plus penalties and interest~~. The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

The Defendant agrees that law enforcement officials lawfully seized $155,756.85 from the Defendant.

The parties agree that the United States will return $155,756.85 in United States Currency to the Defendant, and the Defendant will apply these funds to the outstanding taxes, penalties, and interest owed by the defendant to the Internal Revenue Service. The defendant also agrees he will pay the remaining amount of taxes, penalties, and interest owed by the defendant.

The Defendant is the sole owner of the seized property.

The Defendant agrees to waive payment of any interest accrued on these funds resulting from the time lawfully seized to the date released back to the Defendant.

The Defendant knowingly and voluntarily agrees to fill out an ACH form and submit it to the United States Attorney's Office so that the payment of the $155,756.85 is by electronic fund transfer.

The Defendant knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Internal Revenue Service, the Henderson Police Department, the Nevada Attorney General's Office, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Defendant now has or may hereafter have on account of, or in any way growing out of, the seizures of the properties.

**X. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The Defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine or restitution as noted in Section IX of this Plea Agreement and ordered by the Court.

**XI. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

A. Plea Agreement and Decision to Plead Guilty. The Defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The Defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The Defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. Waiver of Appeal and Post-Conviction Proceedings. The Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The Defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The Defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

  C. Removal/Deportation Consequences. The Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The Defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

**XII. ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the Defendant, the Defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 9/9/15

ALEXANDRA MICHAEL
Assistant United States Attorney

DATE 9/9/15

JOHN BENEDICT, ESQ.
Counsel for Defendant TAKAMURA

DATE 09-09-15

CHRISTIAN TAKAMURA
Defendant